UNITED STATES of America, ex rel. TENNESSEE VALLEY AUTHORITY, Plaintiff,

v.

AN EASEMENT AND RIGHT-OF-WAY OVER 11.6 ACRES OF LAND, etc., Charles Edward Hawthorne, et al., Defendants.

No. CIV-2-80-69.

United States District Court, E. D. Tennessee, Northeastern Division.

April 3, 1981.

See also D.C., 537 F.Supp. 4.

Herbert S. Sanger, Jr., James E. Fox, Justin M. Schwamm, Sr., Don O. Whitehead, Edwin W. Small, Tennessee Valley Authority, Knoxville, Tenn., for plaintiff.

Tom H. Rogan, Rogersville, Tenn., and G. P. Gaby, Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, Tenn., for defendants.

MEMORANDUM OPINION

NEESE, District Judge.

The only "fact in issue" for the jury to decide in this proceeding is the amount of just compensation owing to the defendant-landowners for the rights taken by the plaintiff (through the relator) in the property at issue. " * * * Just compensation should be awarded, which is the difference in the market value of the entire tract(s) before and after the taking. (*Olson v. United States*, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236 (1934)) * * *." *United States v.*

**4**

*Hughes*, (3-judge) D.C.Tenn. (1966), 251 F.Supp. 930, 932[2].

 Scientific knowledge and the opinion of a biomedical engineer as to any biological consequences of the low-level field which may be created by the placing of a 500,000-volt transmission line of electrical power on the easement and right-of-way taken is not deemed assisting of the jury to understand the evidence of fair market value and compensation. *Cf.* Rule 702, Federal Rules of Evidence. The untrained laymen on the jury are qualified to determine intelligently and to the best possible degree the fair market value of the land of Mr. Hawthorne and Mrs. Testerman before and after the taking of their rights herein and the amount of just compensation which is due them for that taking. This is so especially because expert-opinion evidence as to the pertinent market value has been received, without enlightenment from a biomedical engineer.

The reliance of the landowners on *Goadby v. Philadelphia Electric, et al.*, No. 80–2759 in the United States District Court for the Eastern District of Pennsylvania, memorandum and order of October 2, 1980, 504 F.Supp. 812, is misplaced. Involved there was a hearing before a state agency on the application of a private utility " * * * *to build* the proposed line [emphasis supplied here]. * * * " The District Court found that the landowner, who was objecting to the public convenience and necessity of the utility's constructing a 500,000-volt line to transmit electric power as well as the actual size of the easement being taken, had been deprived *prima facie* of his federal constitutional right to due process of law under color of Pennsylvania law and had a cause of action therefor under 42 U.S.C. § 1983.

The District Court found that Mr. Goadby had not received notice of the true amount of his land which was being imposed with an easement and right-of-way and of the unsafety of the line proposed to be built. He was found entitled to an opportunity to make-out his claims fully before the state agency. The utility was enjoined from going upon the landowner's premises until he had been accorded the opportunity to fully and fairly present his claims to the appropriate state agency.

There is no due-process issue here. The Congress has determined that the relator is entitled to take the landowners' interest in the subject property for an easement and right-of-way to carry out the provisions of the Tennessee Valley Authority Act, esp. 16 U.S.C. § 831x, so there is no issue for the jury of the relator's right to "take", as in *Goadby*. Furthermore, counsel have agreed by stipulation as to the dimensions of the "take".

The Court properly sustained the relator's objection to the testimony of the biomedical engineer, Dr. Charles T. Beck. Any conceivable probative value such evidence might have had would not have assisted the jury in determining the fair market value of the rights taken in that land; therefore, it was superfluous and would have been a waste of time. Rule 403, Federal Rules of Evidence. (The landowners' offer of proof was accepted.)